# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ONECIMO VIVEROS<br><br>　　　　　Defendant.<br>_____/ | CASE NOS. CR F 05-0350 LJO and CV F 09-0915 LJO<br><br>**ORDER ON DEFENDANT'S 28 U.S.C. § 2255 PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE**<br>(Doc. 123.) |

## INTRODUCTION

Defendant Onecimo Viveros ("defendant") is a federal prisoner and proceeds pro se to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). This Court considered defendant's section 2255 petition on the record and denies defendant's requested relief.

## BACKGROUND

### Plea Agreement

Defendant entered into an October 12, 2007, F.R.Crim.P. 11(c) Memorandum of Plea Agreement ("plea agreement") by which defendant voluntarily agreed to plea guilty to possession of methamphetamine with the intent to distribute. (Doc. 94.) Defendant also voluntarily agreed that this offense involved five hundred (500) grams or more of a mixture or substance containing methamphetamine. 21 U.S.C. §841(a)(1). The plea agreement provided defendant's knowing and voluntary waiver of his rights to appeal "his sentence, directly or subsequently, provided that the

1

sentencing court accepts the stipulations between the parties and follows the recommendations of the government as set forth below." (Doc. 94 p.4.)

The United States of America ("Government") agreed to recommend "a three-level decrease in the defendant's offense level for acceptance of responsibility, pursuant to Guideline Section 3E1.1(b)(2)." (Doc. 94 p. 5.)  The government also agreed to "recommend a sentence at the bottom of the applicable sentencing guideline range." (Doc. 94 p. 5.)  The plea agreement informed plaintiff that the guideline for imprisonment for the crime for which he pled was 10 years, as a minimum, and life, as a maximum.

By the plea agreement, defendant stipulated to "a plea of guilty to Count One of the Indictment and to admit that the offence involved the actual possession with the intent to distribute of five hundred (500) or more grams of a mixture or substance containing methamphetamine." (Doc. 94 p.3.) Defendant further acknowledged that the Court must consult the Federal Sentencing Guidelines and "must take them into account when determining his sentence." (Doc. 94 p. 7.) Defendant further acknowledged that "the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines." (Doc. 94 p. 7.)  Defendant agreed that "the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a)." (Doc. 94 p.7.)

### **Sentencing**

This Court conducted a June 13, 2008 sentencing hearing at which defendant acknowledged that he had a chance to review with counsel the Presentence Investigation Report and had no questions. The Court initially noted the applicable Guideline range would be 135 to 168 months and with the plea agreement, there would be 20 percent reduction to 108 months.  After defendant declined to offer anything further, this Court sentenced defendant to a 108 months imprisonment (9 years) and 60 months supervised release.  This Court noted the downward departure from the Guidelines and 18 U.S.C. 3553(a) factors.

**Section 2255 Petition**

On May 26, 2009, defendant filed his section 2255 petition and related papers. The papers claim ineffective assistance of counsel for failing to note "a 2 point down departure as consequence of his status as a deportable alien which has been considered as a mitigating factor of sentence." (Doc. 123, §2255 petition p.4.) The papers also claim defendant is entitled to a post conviction downward departure for making efforts at rehabilitating himself. (Doc. 123 §2255 petition p. 3.)

**DISCUSSION**

**Waiver**

Defendant's waiver to attack his sentence collaterally with a section 2255 petition precludes claims, if any, as to this Court's failure to consider or address defendant's deportability as a mitigating factor.

A plea agreement is a contract and subject to contract law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992); *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A defendant may waive the right to bring a section 2255 petition. *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). A plea agreement does not waive the right to bring a section 2255 petition unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014.

Defendant's waiver of his appeal and collateral attack rights, as part of defendant's knowing and voluntary plea agreement, is valid. In the plea agreement, defendant agreed to a waiver of challenge to "his sentence, directly or subsequently, provided that the sentencing court accepts the stipulations between the parties and follows the recommendations of the government." The Court accepted the stipulations of the parties and downward reduced the sentencing from the Guidelines, 135 to 168 months to the sentence imposed as recommended of 108 months. Defendant waived his right to collaterally attack his sentence in a 2255 petition. Therefore, defendant is precluded from raising issues of failure to consider deportable alien or related mitigation factors in a 2255 petition which do not relate to the

performance of his attorney.  *See Escamilla*, 975 F.2d at 571; *Abarca*, 985 F.2d at 1013.

**Ineffective Assistance Of Counsel**

Defendant claims ineffective assistance of counsel.  Although his 2255 petition is unclear, defendant appears to claim that he expected a lower sentence or is disgruntled with his sentence.  A defendant may not be able to "waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain."  *Pruitt*, 32 F. 3d at 433.  As such, this Court scrutinizes defendant's ineffective assistance of counsel claim.

When considering an ineffective assistance of counsel claim, a court must consider two factors. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842 (1983); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 513 (1995).  The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances.  *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494 U.S. 1039, 118 S.Ct. 1856 (1998).  A defendant must demonstrate that counsel's performance was deficient and that counsel made errors so serious as not to function as "counsel" guaranteed by the Sixth Amendment.  *Strickland*, 466 U.S. at 687, 104 S.Ct. At 2064.  A defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances.  *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996).  There is a strong presumption that counsel's performance fell within the wide range of professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065); *Bloom*, 132 F.3d at 1270; *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). Judicial scrutiny of counsel's performance is highly deferential.  *Strickland*, 466 U.S. at 677-678; 104 S.Ct. at 2063; *Quintero-Barraza*, 78 F.3d at 1348; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

The second factor for court consideration is whether the petitioner has affirmatively proven prejudice.  *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271.  Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. In addition, the court can find prejudice only when the outcome would have been different without counsel's errors. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843. A court must also evaluate whether the entire proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843; *Quintero-Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994). A defendant may be granted a windfall, to which he is not entitled, if his/her conviction or sentence is set aside solely because the outcome may have been different but for counsel's errors. *Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842. Thus, if a court finds that counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, the result of the proceeding would have been different, the court must determine despite the errors and prejudice, whether the proceeding was fundamentally fair and reliable.

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697. Since it is necessary to prove prejudice, any deficiency that does not result in prejudice must necessarily fail.

In essence, defendant appears to fault his counsel for failure to secure a lower sentence based on defendant's status as a deportable alien. As discussed below, defendant was not entitled to a downward departure based on his status as a deportable alien. Defendant offers nothing meaningful to demonstrate erosion of his Sixth Amendment right to counsel or that counsel's conduct prejudiced the defense. There is no evidence that defense counsel made errors so serious as not to function as Sixth Amendment guaranteed counsel. Defendant points to neither unreasonableness of defense counsel nor a reasonable probability of a different result, especially considering the Court allowed a downward reduction for the plea agreement and also considered the co-defendants' lesser sentences in determining defendants' sentence. This Court is not in a position to grant defendant a windfall and unwind defense counsel's representation of defendant. Defendant's ineffective assistance of counsel claim fails.

**Voluntary and Intelligent Plea**

Defendant claims ineffective assistance of counsel because he was not advised of the likely outcome of the plea and he wanted to avoid prison time.

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). To determine voluntariness, the Court examines the totality of the circumstances. *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986). A plea is voluntary if it "represents a voluntary and intelligent choice among alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "[A] plea of guilty entered by one fully aware of the direct consequences...must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Brady v. United States*, 397 U.S. 742, 755 (1970). In sum, "a guilty plea is void if it was 'induced by promises or threats which deprive it of the character of a voluntary act." *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995) (quoting *Machibroda v. United States*, 368 U.S. 487, 493 (1962)).

In essence, defendant appears to fault his counsel for failure to secure a lower sentence in that defendant appears to claim he would not have pled guilty if he knew had known his ultimate sentence.

In this case, defendant acknowledged that he was fully aware of the direct consequence of his plea, in both written and oral form. In the written plea agreement, defendant acknowledged and agreed that the statutory minimum of imprisonment was 10 years, unless he met certain requirements. (Doc. 94.) At the time of the oral plea on October 19, 2007, defendant stated under oath that he was entering into the plea of guilty voluntarily, that he was satisfied with his attorney's representation, and that no one had forced him or threatened him to plead guilty. He stated that he understood that the minimum sentence for his offense was 10 years imprisonment and that sentencing was at the discretion of the Court. Thus, under *Brady*, defendant's plea must stand, as his plea was voluntary and intelligent.

**Deportable Alien Status**

Defendant appears to contend that this Court should have awarded him a reduction in his offense level as a consequence of his status as a deportable alien.

Defendant's argument that the Court should depart downward because he is a deportable alien is precluded by statute and current Ninth Circuit case law. By statute, the Court may depart downward only if there are "aggravating or mitigating circumstances ... not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b). Sentencing Guidelines §5K2.0 finds departures from the stated guideline range appropriate when factors "that have not been given adequate consideration by the Commission" are present, or if "in light of the unusual circumstances, the weight attached to that factor under the guidelines is inadequate or excessive." The decision to depart from the relevant guideline is within the sound discretion of the sentencing court. *United States v. Charry Cubillos*, 91 F.3d 1342, 1343 (9th Cir. 1996).

Generally, downward departure is discouraged due to a presumption that the Sentencing Commission, if only implicitly, considered all possible factors. *See, e.g., United States v. Restrepo*, 999 F.2d 640, 644 (2nd Cir. 1993). The United States Supreme Court has emphasized that "[b]efore a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline. To resolve this question, the district court must make a refined assessment of the many facts bearing on the outcome, informed by its vantage point and day-to-day experience in criminal sentencing." *Koon v. United States*, 518 U.S. 81, 98, 116 S.Ct. 2035, 2046 (1996).

Further, the Ninth Circuit has held that the threat of deportation is not a factor that the district court may consider for sentencing purposes. *United States v. Alvarez-Cardenas*, 902 F.2d 734, 737 (9th Cir.1990) (deportability is not a valid factor for departure because it merely describes the defendant's status, and does not "affect [defendant's] culpability or the seriousness of the offense."); *U.S. v. Lipman*, 133 F.3d 726, 730 (9th Cir. 1998) (a sentencing court cannot downwardly depart based on the fact that a defendant faces future deportation.)

Defendant fails to acknowledge this Court's consideration and acceptance of the Government's motion for a downward departure. Defendant fails to substantiate a sentencing error resulting from his status as a deportable alien or grounds for further downward departure.

### **Post Conviction Rehabilitation**

Defendant argues that he is entitled to a post conviction downward departure for his post

conviction conduct in rehabilitating himself while in prison.

No authority exists permitting the Court to reduce a defendant's sentence solely on the ground that he has engaged in post-sentencing rehabilitative efforts. Indeed, post-sentencing rehabilitative efforts, even if exceptional, may not be considered. See U.S.S.G. § 5K2.19 ("Post-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when resentencing the defendant for that offense."). Such efforts may be a basis for early termination of supervised release. *Id.* The background commentary to § 5K2.19 states: "[T]he Commission has determined that post-sentencing rehabilitative measures should not provide a basis for downward departure when resentencing a defendant initially sentenced to a term of imprisonment because such a departure would (1) be inconsistent with the policies established by Congress under 18 U.S.C. § 3624(b) and other statutory provisions for reducing the time to be served by an imprisoned person; and (2) inequitably benefit only those who gain the opportunity to be resentenced de novo." The Court may not reduce defendant's previously imposed sentence based on his post-judgment accomplishments. Defendant's post-sentencing achievements, assuming they exist even in the absence of any evidence by defendant, may not be considered by the Court in reducing a sentence previously imposed.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES defendant section 2255 relief. The clerk is directed to close Case No. CV F 09-0915 LJO.

IT IS SO ORDERED.

**Dated:   June 1, 2009**                               /s/ Lawrence J. O'Neill

UNITED STATES DISTRICT JUDGE